UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**LEONDARD ALAN BOLLINGHAM**  CIVIL ACTION

**VERSUS**  NO. 19-155-JWD-RLB

**OCWEN LOAN SERVICING, LLC**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 12, 2020.

**RICHARD L. BOURGEOIS, JR.**  
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEONDARD ALAN BOLLINGHAM** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-155-JWD-RLB** |
| **OCWEN LOAN SERVICING, LLC** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss Pursuant to Rule 12(b)(6) and Rule 9(b) (R. Doc. 7) filed by Defendant, Ocwen Loan Servicing, LLC ("Ocwen") on April 11, 2019. Plaintiff filed his Opposition (R. Doc. 12) on April 29, 2019. The matter was referred by way of Order (R. Doc. 17) dated January 22, 2020.

### I. Background

Plaintiff initiated this litigation with the filing of his "Petition to Cancel the Mortgage with Damages" (R. Doc. 1-1, the "Petition") on November 13, 2018 in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. Defendant removed this action with the filing of its Notice of Removal (R. Doc. 1) on March 15, 2019.

Plaintiff alleges that he purchased the property that is the subject of this litigation in 2010. (R. Doc. 1-1 at 2). He alleges that the property was the subject of two foreclosure proceedings, the first in 2015 and the second in 2018. (R. Doc. 1-1 at 2, the "First Foreclosure" and "Second Foreclosure," respectively). Plaintiff alleges that the First Foreclosure was rescinded by an order issued in the state court, and that the parties were supposed to re-negotiate the terms of the mortgage. (R. Doc. 1-1 at 3). Instead, Plaintiff alleges that Ocwen instituted a second foreclosure by way of executory process and sold the property at a sheriff's sale, without re-negotiating the terms of the mortgage, as allegedly required in the First Foreclosure. (R. Doc.

1-1 at 3, 5). Plaintiff alleges that "all sales after this civil mistake of 2015 are rendered illegal." (R. Doc. 1-1 at 5). Plaintiff states that he "would like to sell or refinance the property with a clean title." (R. Doc. 1-1 at 4). He also states that he has suffered damages in the form of defamation, as well as lost profits. (R. Doc. 1-1 at 3, 4).

## II.     Law and Analysis

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). "Without subject-matter jurisdiction, a federal court simply has no authority to decide the case." *Pidgeon v. Parker*, 46 F.Supp.3d 692, 697 (S.D. Tex. Aug. 28, 2014). Therefore, before ruling on a motion to dismiss, a federal court must ascertain whether it has subject matter jurisdiction, i.e., whether the motion—or the litigation at all—is properly before the court. "[F]ederal courts are duty-bound to examine the basis of subject matter jurisdiction sua sponte, even on appeal." *Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004).

"[F]ederal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). Specifically, the *Rooker-Feldman* doctrine precludes federal subject matter jurisdiction over challenges to state-court decision in cases arising out of judicial proceedings. Where a plaintiff's "contentions implicate the validity of the state foreclosure judgment, and she seeks legal determinations that would allow her to retain possession of her home," the *Rooker-Feldman* doctrine is applicable. *Magor v. GMAC Mortg., L.L.C.*, 456 Fed. App'x 334, 335-36 (5th Cir. 2011). Put another way, "Rooker-Feldman bars 'cases brought by state court losers complaining of injuries caused by state-court judgment rendered before the district court proceedings commenced and inviting

2

district court review and rejection of those judgments." *Stabler v. Ryan*, 949 F. Supp. 2d 663, 666 (E.D. La. June 7, 2013) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Plaintiff's Petition suggests that Ocwen executed a Second Foreclosure proceeding that resulted in the seizure and sale of a property owned by him, but that the Second Foreclosure proceeding was entirely invalid because a re-negotiation or re-structure of the mortgage did not occur after the improper First Foreclosure. Plaintiff makes various claims regarding the alleged wrongs committed by Ocwen, and resulting damages suffered by him, but the gravamen of the relief sought by Plaintiff is that "all sales after this civil mistake of 2015 [the First Foreclosure] are rendered illegal." (R. Doc. 1-1 at 5). Based on Plaintiff's Petition, were Plaintiff to achieve the results he seeks through this judicial proceeding, he would "like to sell or refinance the property with a clean title." (R. Doc. 1-1 at 4). He also states that "[r]escission unwinds the deal completely and restores both parties to their pre-deal positions, and includes restitution of benefits conferred as part of the deal and sometimes an award of consequential damages." (R. Doc. 1-1 at 3).

Ocwen represents that it "filed a petition for executory process in the 19th Judicial District Court, Parish of East Baton Rouge, and had the subject property seized and sold at a Sheriff's Sale." (R. Doc. 7-1 at 1). In its Notice of Removal, Ocwen acknowledges that "Plaintiff asserts that Ocwen improperly foreclosed on Plaintiff's property" and is "seeking damages against Ocwen due to the wrongful foreclosure and sale of the property." (R. Doc. 1 at 2). Plaintiff argues that foreclosure, seizure, and sale was improper and, therefore, he should be put back in the same position he was before it occurred. To do so, this court would have to annul and rescind the Foreclosure. To annul and rescind a foreclosure is exactly the type of appeal of a state court judgment that the *Rooker-Feldman* doctrine prohibits. As the Plaintiff's "present

3

claims arise from the state court proceedings and are 'inextricably intertwined' with the state court's judgment—i.e., reversal of the state court's foreclosure judgment would be a necessary part of the relief requested" and the object of the claims is the state court foreclosure itself, "the district court lacked subject-matter jurisdiction to review her claims under the *Rooker–Feldman* doctrine." *See Exxon,* 544 U.S. at 291, 125 S.Ct. 1517; *Bombet v. Donovan*, 2015 WL 1276555 (M.D. La. March 19, 2015) (dismissing case due to lack of jurisdiction pertaining to review of state court foreclosure under *Rooker-Feldman*).[1]

Accordingly, based on the above discussion, the Court finds that it is without subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine, and therefore, recommends the case be remanded to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana for all further proceedings.

### III.    Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that this case be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, for lack of subject matter jurisdiction.

Signed in Baton Rouge, Louisiana, on February 12, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Ocwen removed this case alleging that subject matter jurisdiction was proper on the basis of diversity pursuant to 28 U.S.C. § 1332, because it is a citizen of the U.S. Virgin Islands and Plaintiff is a citizen of Louisiana. (R. Doc. 1 at 3). The existence of diversity jurisdiction does not bar the application of the *Rooker-Feldman* doctrine, particularly in the context of a complaint seeking to restore possession of property following a foreclosure. *See Morris v. Wells Fargo Bank*, 677 Fed. App'x 955, 957 (5th Cir. 2017) (vacating the district court's dismissal and ordering the district court to remand the action to the appropriate state court).